## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**CYNTHIA NIXON and**                                         **PLAINTIFFS**
**LIANA WHEELER, on**
**behalf of themselves and those**
**similarly situated**

**vs.**                                         **CASE NO.: 3-16-CV-020-MPM-JMV**

**ON-CALL STAFFING, INC. and**
**E.L. GARNER, III, Individually**                           **DEFENDANTS**

---

### COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

---

COME NOW Plaintiffs, Cynthia Nixon and Liana Wheeler ("Plaintiffs"), by and through counsel of record, and file this Complaint against their current and/or former employers, Defendants, On-Call Staffing, Inc. and E.L. Garner, III, Individually (hereinafter collectively referred to as "Defendants"), for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows:

### NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of

1

living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3.     Additionally, Plaintiffs seek a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

4.     This action is intended to include each and every Licensed Practical Nurse ("LPN") who worked for the Defendants at any time within the past three (3) years and were affected by Defendants' illegal pay policy and practices.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6.     This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

7.     Venue is proper in this Court because Plaintiffs either worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

8.     The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

9.     Plaintiffs Cynthia Nixon and Liana Wheeler are Licensed Practical Nurses who performed related activities for Defendants in Mississippi and/or Tennessee.

10.     Defendant On-Call Staffing, Inc. is a company that operates and conducts business in and Mississippi and Tennessee.  It is headquartered in Panola County, Mississippi at 577 Cutting Horse Lane, Batesville, Mississippi 38606.

11.     Defendant E.L. Garner, III is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in Panola County, Mississippi, as well as other locations in Mississippi and Tennessee.

12.     This action is intended to include any and all similarly situated LPNs who worked for Defendants within the last three (3) years and who likewise were not paid the correct overtime rate of time and one half their regular rate of pay for hours worked by them over forty (40) in a workweek.

## COVERAGE

13.     At all material times hereto (2013 – 2016), Plaintiffs were an "employees" within the meaning of the FLSA.

14.     At all material times hereto (2013 – 2016), Defendants were the "employer" of Plaintiffs within the meaning of the FLSA.

15.     At all material times hereto (2013 – 2016), Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16.     At all material times hereto (2013 – 2016), Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17.     At all material times hereto (2013 – 2016), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

18.     Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

19.     At all material times hereto (2013 – 2016), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

20.     At all material times hereto (2013 – 2016), Plaintiffs were "engaged in commerce" and subject to individual coverage under the FLSA in that they:

> a.     Operated instrumentalities of commerce;
>
> b.     Transported goods in commerce;
>
> c.     Used channels of commerce;
>
> d.     Communicated across state lines; and/or
>
> e.     Performed work essential to any of the preceding activities.

21.     At all material times hereto (2013 – 2016), the work performed by Plaintiffs was directly essential to the business performed by Defendants.

22.    At all material times hereto (2013 – 2016), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiffs for those hours worked in excess of forty (40) within a work week.

23.    Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

24.    Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiffs and amounts paid to Plaintiffs are in the possession, custody and control of Defendants.

25.    At all material times hereto (2013 – 2016), E.L. Garner, III, was an individual resident of the State of Mississippi, who owns and operates On-Call Staffing, Inc., and who regularly exercised the authority to: (a) hire and fire employees of On-Call Staffing, Inc.; (b) determine the work schedules for the employees of On-Call Staffing, Inc.; and (c) control the finances and operations of On-Call Staffing, Inc. by virtue of having regularly exercised that authority on behalf of On-Call Staffing, Inc., E.L. Garner, III is an employer as defined by 29 U.S.C. §201, et seq.

## FACTUAL ALLEGATIONS

26.    Plaintiff Cynthia Nixon worked for each of the named Defendants as a LPN from 2006 to November of 2015.  Her regular rate of pay was $20.00 to $23.00 per hour.

27.     Plaintiff Liana Wheeler Nixon worked for each of the LPN from 2010 to present. Her regular rate of pay was $23.00 per hour.

28.     Defendants operate a medical staffing referral company that provides in-home healthcare services to its patients.

29.     Defendants earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiffs' Complaint.

30.     Defendant, E.L. Garner, III, is an owner and manager who is responsible for the overall business operations and sets the administrative policies, specifically the pay policies, of On-Call Staffing, Inc.

31.     Defendants purport to contract with individual LPNs to provide the healthcare services associated with the clients' individual needs and physician requirements.

32.     Defendants purport to call these individual LPNs "independent contractors," not employees, thereby avoiding any obligation to pay overtime at a rate of time and one half, but also payroll taxes, workers' compensation insurance, health insurance, unemployment insurance and other such employment benefits.

33.     These so-called independent contractors are assigned a client list and what healthcare services each client requires as well as the duration of time each client is allotted for services provided by the Defendants each week.

34.     Plaintiffs are then required to show up at the client's residence or agreed upon place at specific time and spend the client's allotted time performing the healthcare services as directed by the Defendants.

35. Plaintiffs' primary job duties included, but were not limited to the giving medicine, feeding, bathing, and providing personal care to patients.

36. All of the medical equipment and supplies used by the Plaintiffs and/or those similarly situated are provided either by the Defendants or the client.

37. The majority of the purported plaintiff contractors worked well over forty (40) hours per week.

38. Typically, the misclassified plaintiff contractors approximately work(ed) between sixty (60) and eighty (80) hours per week without overtime compensation.

39. There is virtually no opportunity for the plaintiff contractors to work for any other healthcare companies or to perform any other LPN work while working as "contractors" for Defendants.

40. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs and those similarly situated to her overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

41. Defendants have employed and are employing other individuals as LPNs who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

42. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs.

43. This egregious conduct of failing to compensate Plaintiffs at the proper overtime rate of pay or even apprise Plaintiffs of their right to overtime pay is exhibited by Defendants repeated failure to even include a tally of actual hours worked on pay stubs issued to Plaintiffs on a bi-weekly basis.

44.     Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiffs under 29 C.F.R. 516.

45.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiffs and the class members performed the same or similar job duties as one another in that they provided healthcare services for Defendants.

47.     Further, Plaintiffs and the class members were subjected to the same pay provisions in that they were paid an hourly rate of pay and were not compensated at least the statutory minimum wage for all hours worked by them, and they were not compensated at a rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek during the time period when they were misclassified as independent contractors.

48.     Thus, the class members are owed overtime wages for the same reasons as Plaintiffs.

49.     Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that LPN's are paid for overtime hours worked based on the Defendants' erroneous misclassification of its LPN's as independent contractors.

50.     These policies or practices were applicable to Plaintiffs and the class members.

51.     Application of these policies or practices does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.

52.     Rather, the same policies or practices that resulted in the non-payment of overtime to Plaintiffs applies to all class members.

53.     Accordingly, the class members are properly defined as:

> **All Licensed Practical Nurses who worked for Defendants within the last three (3) years who were not compensated at a rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek as a result of being misclassified as an independent contractor by Defendants.**

54.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the class members.

55.     During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

56.     Defendant has acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS ON-CALL STAFFING, INC. and E.L. GARNER, III

57.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-56 above.

58.     Plaintiffs are entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek.

59. During their employment with all named Defendants, Plaintiffs regularly worked overtime hours but were not paid time and one half compensation for same.

60. Specifically, all of the named Defendants misclassified Plaintiffs as an independent contractor and paid them the regular hourly rate of pay for all hours worked in a week.

61. In addition, all of the named Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiffs.

62. Each of the Defendants acted with direct control over the work, pay, and job duties of Plaintiffs.

63. All of the Defendants supervised and controlled Plaintiffs' work schedule and/or conditions of employment.

64. Each of the Defendants determined Plaintiffs' rate and method of payment.

65. Also, all of the Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiffs.

66. As a result each of the named Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs

67. As a result of each of the Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

68. Plaintiffs demand judgment against each of the Defendants for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by her for which each of the Defendants did not properly compensate them, liquidated damages, or if

liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

69.     Plaintiffs demand a trial by jury.

## COUNT II - QUANTUM MERUIT AGAINST
## DEFENDANTS ON-CALL STAFFING, INC. and E.L. GARNER, III

70.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-56 above.

71.     At all material times relevant hereto, each of the Defendants employed Plaintiffs to provide healthcare services.

72.     Defendants classified Plaintiff as an "independent contractor."

73.     While Defendants classified Plaintiffs as an "independent contractor," the nature of the services she performed, and the manner in which they performed these services, made it clear that they were actually employees.

74.     Defendants were in complete control of the manner in which Plaintiffs, classified as an "independent contractor", performed their services.

75.     The purported "independent contractor" provided a benefit to Defendants by performing work as an employee under the law, often worked more than forty (40) hours a week while providing services for Defendants, but was never provided with time and one half Plaintiffs' regular rate of pay for hours worked greater than forty (40) in a week.

76.     Although the purported "independent contractors" were actually employees, Defendants failed to pay for that benefit by misclassifying Plaintiffs as independent contractors and not paying its share of Plaintiffs' social security and Medicare taxes that were provided to Defendants' other employees.

11

77.     As a result, Plaintiffs were required to pay self-employment tax calculated at a higher percentage of her earnings than if they were properly classified as an employee.

78.     Each of the Defendants' conduct, as set forth above, in avoiding overtime compensation through misclassifying their workers as independent contractors render them liable under the common law doctrine of quantum merit.

79.     Plaintiff demands a trial by jury.

## COUNT III - DECLARATORY RELIEF AGAINST
## DEFENDANTS ON-CALL STAFFING, INC. and E.L. GARNER, III

80.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-56 above.

81.     Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists

82.     The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202

83.     Plaintiffs may obtain declaratory relief.

84.     Defendants jointly employed Plaintiffs.

85.     Defendant E.L. Garner, III is an individual employer as defined by 29 U.S.C. § 201, *et seq.*

86.     Plaintiffs were individually covered by the FLSA.

87.     Defendants failed to pay Plaintiff for all the hours worked.

88.     Plaintiffs are entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

89.     Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

90.     Defendants did not rely on a good faith defense.

91.     Plaintiffs are entitled to an equal amount of liquidated damages.

92.     It is in the public interest to have these declarations of rights recorded.

93.     Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

94.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

95.     Plaintiffs demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that judgment be entered in their favor against each named Defendant:

a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.   Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hours per workweek;

c.   Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

d.   Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.   Awarding Plaintiffs pre-judgment interest;

f.   Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so tribal as a matter of right by jury.

DATED, this the 20th day of January, 2016.

Respectfully Submitted,

**CYNTHIA NIXON and
LIANA WHEELER, on
behalf of themselves and those
similarly situated**

**CHRISTOPHER W. ESPY, ESQ.**

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN
188 East Capitol Street, Suite 777
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

**ATTORNEY FOR PLAINTIFFS**